

CRAWFORD
WISHNEW
LANG

MICHAEL LANG
mlang@cwl.law
(214) 817-4503

July 7, 2026

***Via electronic filing***
U.S. Court of Appeals for the Fifth Circuit

   Re: 25-10797; *Acis Capital Management, L.P et al. v. James Dondero*
      Correction to Appellee's Brief

To the Honorable U.S. Court of Appeals for the Fifth Circuit:

   I write to note corrections to Appellee's Brief in the above-listed appeal to correct certain misplaced quotation marks, which counsel for Appellant brought to my attention this week:

   On page 27 of Appellee's Brief, in the second sentence of paragraph 56, I mistakenly included quotation marks. An earlier draft contained a direct quote from a single case. In a subsequent version of the brief, we added additional cases to the citation (footnote 92) and then changed the original quotation to a paraphrase that synthesized the multiple quoted cases. During that revision, the quotation marks were inadvertently left in the sentence. I was unaware of this oversight until counsel for Acis brought it to my attention yesterday, at which point I indicated I would file this correction.

   Please consider the following my intended substitution of paragraph 56 of Appellee's Brief:

> When parties are alter egos, they are ***identical*** and treated "***as one and the same***."[1]
> As a result, if a defendant, as an alleged alter ego, is in privity for alter ego purposes it is in privity for res judicata purposes because alleged alter egos are treated ***as one***.[2]

---

[1] *Zahra Spiritual Tr.*, 910 F.2d at 243–44 (emphasis added); *Reneker v. Offill*, No. 3:08-CV-1394-D, 2012 WL 2158733, at *18 (N.D. Tex. June 14, 2012) (Fitzwater, J.) ("The effect of applying the alter ego doctrine is that the entity and the alter ego ***are treated as one person***, so that any act committed by one is attributed to both, and if either is bound, by contract, judgment, or otherwise, both are equally bound."); *see also Robin Singh Educ. Servs. Inc. v. Excel Test Prep Inc.*, 274 Fed. Appx. 399, 400 n. 1 (5th Cir.2008) (per curiam)

[2] *Flores*, 488 F. App'x at 779 (The entire purpose of the alter ego theory of liability would be undermined if the alter ego of a corporation could force parties to relitigate otherwise precluded claims against the corporation. Courts of appeals have routinely declined to accept arguments like Bodden's. *See, e.g.*, *Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1275 (10th Cir.1995) (holding that an adverse party's ***own allegations*** of a controlling, "near alter ego" relationship between parent and subsidiary ***were sufficient to establish privity*** between the two corporations for the purposes of claim preclusion)); *cf. Torain v. AT&T Mgmt. Servs. LP,* 353 Fed. Appx. 37, 38 (7th Cir.2009)), *see, e.g.,*

July 7, 2026
Page 2

       That mistaken quotation was also pulled into paragraph 6 (in the summary of the argument). The quoted language in paragraph 6 that precedes footnote 11 is the same paraphrase from paragraph 56, not a direct quote.

       I also correct the following quotations, with changes reflected in highlight, which have misplaced quotation marks or brackets, but correctly state principles of law:

| Brief Paragraph | Original Quoted Language | Text to Be Substituted |
|---|---|---|
| Paragraph 57 | As a result, and as this Court has noted, courts have held that "'an adverse party's own allegations of a controlling, 'near alter ego' relationship is sufficient to establish privity for the purposes of claim preclusion." (citing *Flores v. Bodden*, 488 Fed. Appx. 770 (5th Cir. 2012)). | As a result, and as this Court has noted, courts have held that an adverse party's own allegations of a controlling, near alter ego relationship is sufficient to establish privity for the purposes of claim preclusion. |
| Paragraph 74 | While alignment is not established simply because of the parties being merely interested in the same question (or proving the same set of facts), parties are more than just "interested" when "a nonparty may be bound because the relationship to the party to the first suit." (citing *Clyce v. Farley*, 836 F. App'x 262, at 269–70 (5th Cir 2020). | While alignment is not established simply because of the parties being merely interested in the same question (or proving the same set of facts), parties are more than just "interested" when "a nonparty may be bound" because of the relationship to the party to the first suit. *Clyce v. Farley*, 836 F. App'x 262, at 269–70 (5th Cir 2020). |

---

*Universitas Educ., LLC*, No. 3:20-CV-00738 (JAM), 2021 WL 965794, at *12; *R.G. Fin. Corp. v. Vergara–Nunez*, 446 F.3d 178, 186 (1st Cir. 2006) ("[W]e do not see how R–G Premier Bank and R.G. Financial can be tied so closely to R & G Mortgage's actions for purposes of the counterclaim and yet, at the same time, be considered distinct from R & G Mortgage for purposes of the res judicata analysis. ***Vergara simply cannot have it both ways: either the R–G companies are in privity with one another for both liability and res judicata purposes, or they are not in privity for either purpose.***"); *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1242–43 (10th Cir. 2017) (finding ***allegations of privity for purposes of liability establishes privity for res judicata purposes***); *Bakov v. Consol. Travel Holdings Grp., Inc.*, No. 019CV61509WPDSNOW, 2020 WL 9934410, at *3 (S.D. Fla. Apr. 9, 2020) (finding ***allegation of alter ego establishes privity for res judicata purposes***).

July 7, 2026
Page 3

| Paragraph 84 | "The effect of applying the alter ego doctrine is that the entity and the alter ego are treated as one person, so that any act committed by one is attributed to both, and if either is bound, by contract, judgment, or otherwise, both are equally bound." (citing *Reneker v. Offill*, 2012 WL 2158733, at *18 (N.D. Tex. Sept. 29, 2022) | "The effect of applying the alter ego doctrine is that the [entity and the alter ego] are treated as one person, so that any act committed by one is attributable to both, and if either is bound, by contract, judgment, or otherwise, both are equally bound." (citing *Reneker v. Offill*, 2012 WL 2158733, at *18 (N.D. Tex. Sept. 29, 2022) (cleaned up). |

I apologize for the oversight.

Sincerely,

Michael Lang