**No. 25-10797**

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

---

In the Matter of Acis Capital Management, L.P.; Acis Capital Management GP, L.L.C.,
*Debtors*

Acis Capital Management, L.P. and Acis Capital Management GP, L.L.C.,

*Appellants*

v.

James Dondero,
*Appellee*

---

On Appeal from the United States District Court
for the Northern District of Texas No. 3:24-CV-2036

---

## APPELLANTS' PETITION FOR PANEL REHEARING

---

Kelsi Stayart White
kwhite@azalaw.com
Emily Merritt Adler
eadler@azalaw.com

Ahmad Zavitsanos & Mensing, PLLC
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellants: | Counsel for Appellants: |
| --- | --- |
| Acis Capital Management GP, LLC<br>Acis Capital Management, LP | Kelsi Stayart White of Ahmad, Zavitsanos & Mensing PLLC. Houston, Texas.<br><br>Emily Merritt Adler of Ahmad, Zavitsanos & Mensing PLLC. Houston, Texas.<br><br>Shawn M. Bates of Ahmad, Zavitsanos & Mensing PLLC. Houston, Texas. |

| Appellee: | Counsel for Appellee: |
| --- | --- |
| James Dondero | Michael Lang of Craford, Wishnew & Lang, PLLC. Dallas, Texas. |

/s/ Kelsi Stayart White
Kelsi Stayart White

# TABLE OF CONTENTS

Certificate of Interested Persons ................................................................ 2

Table of Contents ..................................................................................... 3

Index of Authorities ................................................................................. 4

Issue Presented ........................................................................................ 5

Summary of the Argument ......................................................................... 6

Argument ................................................................................................. 6

    I.   The opinion contains an error of fact. ............................................... 6

    II.  This error of fact resulted in an error of law. .................................... 9

Conclusion & Prayer ................................................................................ 10

Certificate of Service ............................................................................... 11

Certificate of Compliance ......................................................................... 12

## INDEX OF AUTHORITIES

**Cases**

*Dondero v. Jernigan*,
No. 24-10287, 2024 WL 4678879 (5th Cir. Nov. 5, 2024) (per curiam), *opinion withdrawn and superseded on reh'g*, No. 24-10287, 2025 WL 1122466 (5th Cir. Apr. 16, 2025) (per curiam), *cert. denied*, 146 S. Ct. 1516 (2026), *reh'g denied*, 146 S. Ct. 1791 (2026) ................................................................................. 7, 8

*Howell Hydrocarbons, Inc. v. Adams*,
897 F.2d 183 (5th Cir. 1990) ........................................................................ 10

*In re Acis Cap. Mgmt., L.P.*,
584 B.R. 115 (Bankr. N.D. Tex. 2018) ........................................................... 8

*In re Acis Capital Mgmt., L.P.*,
600 B.R. 541 (Bankr. N.D. Tex. 2019) ........................................................... 8

*In re Highland Cap. Mgmt., L.P.*,
No. 19-34054-SGJ11, 2021 WL 2326350 (Bankr. N.D. Tex. June 7, 2021), *aff'd in part, rev'd in part sub nom. Dondero v. Highland Cap. Mgmt, L.P.*, No. 3:21-CV-1590-N, 2022 WL 22839273 (N.D. Tex. Aug. 17, 2022), *aff'd sub nom. In re Highland Cap. Mgmt., L.P.*, 105 F.4th 830 (5th Cir. 2024) ............................... 7, 8

*In re Highland Cap. Mgmt., L.P.*,
No. 3:21-CV-0132-E, 2021 WL 3772690 (N.D. Tex. Feb. 11, 2021) .................... 8

*Meza v. Gen. Battery Corp.*,
908 F.2d 1262 (5th Cir. 1990) .............................................................. 6, 9, 10

*Nilsen v. City of Moss Point, Miss.*,
701 F.2d 556 (5th Cir. 1983) (en banc) ......................................................... 10

## ISSUE PRESENTED

Appellants seek Panel rehearing on the following issue:

1. To apply res judicata, there must be identity of parties and of causes of action. The opinion's application of res judicata appears to rely on a series of decisions which involved different parties and arose from different issues. Does res judicata bar Acis's claims against Dondero?

## SUMMARY OF THE ARGUMENT

The Court should grant rehearing because the opinion contains an error of fact that has resulted in an error of law. The opinion rests on the premise that the parties to this appeal have engaged in substantial litigation related to Joshua Terry's firing and the parties' related financial fallout. Op. at 2. But most of the citations relied upon for this proposition are unrelated to Acis's claims against James Dondero, as explained below. This breadth of litigation by others against Dondero—or that Dondero himself initiated—cannot supply a basis to apply res judicata. *See Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). Dondero harmed many different entities and individuals, but the volume of his wrongdoing and the litigation he spawned appears to now be the reason that Acis's claim will not be decided on the merits.

For these reasons, Acis respectfully requests that this Court grant its Petition for Panel Rehearing, issue a new opinion, and reverse the judgment of the district court.

## ARGUMENT

### I.    The opinion contains an error of fact.

Acis does not dispute that it has engaged in litigation with Highland and James Dondero. It did so because Dondero (as the former alter ego and controller of

6

Highland) caused Acis to suffer millions in damages. ROA.1066. Dondero's actions led to Highland declaring bankruptcy, which has generated a lot of litigation, most all of it unrelated to Acis.

Acis does dispute, however, the characterization that *these parties*, *i.e.*, *including Acis*, have litigated dozens of cases about "Terry's firing and the parties' related financial fallout." Op. 2. Of the fifty-four citations contained in the opinion, very few have Acis as a party or relate to "Terry's firing and the parties' related financial fallout[.]"

Indeed, the majority of the citations arise from Dondero's litigation campaign within Highland's voluntary bankruptcy proceeding. *See, e.g.*, *Dondero v. Jernigan*, No. 24-10287, 2024 WL 4678879 (5th Cir. Nov. 5, 2024) (per curiam), *opinion withdrawn and superseded on reh'g*, No. 24-10287, 2025 WL 1122466 (5th Cir. Apr. 16, 2025) (per curiam), *cert. denied*, 146 S. Ct. 1516 (2026), *reh'g denied*, 146 S. Ct. 1791 (2026) (appeal arising from recusal motions filed by Dondero against Chief Judge Jernigan); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2021 WL 2326350 (Bankr. N.D. Tex. June 7, 2021), *aff'd in part, rev'd in part sub nom. Dondero v. Highland Cap. Mgmt, L.P.*, No. 3:21-CV-1590-N, 2022 WL 22839273 (N.D. Tex. Aug. 17, 2022), *aff'd sub nom. In re Highland Cap. Mgmt., L.P.*, 105 F.4th 830 (5th Cir. 2024) (arising from Highland's request to hold Dondero in civil contempt for

violating a temporary restraining order); *In re Highland Cap. Mgmt., L.P.*, No. 3:21-CV-0132-E, 2021 WL 3772690 (N.D. Tex. Feb. 11, 2021) (arising from Dondero's motion for leave to appeal the bankruptcy court's preliminary injunction against him); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ-11, 2021 WL 2850562 (Bankr. N.D. Tex. July 7, 2021) (arising from Dondero's request to withdraw the reference in adversary proceeding brought by Highland against Dondero).

The citations that reference Acis result from the initiation of Acis into bankruptcy—not Acis litigating any claims against anyone—because of Dondero's actions. *In re Acis Cap. Mgmt., L.P.*, 584 B.R. 115 (Bankr. N.D. Tex. 2018) (granting involuntary bankruptcy petition). Or because Highland—still controlled by Dondero—was bringing adversary proceedings against Acis in its bankruptcy and litigating with the Chapter 11 trustee. *In re Acis Capital Mgmt., L.P.*, 600 B.R. 541, 544 (Bankr. N.D. Tex. 2019).

There is no doubt that Dondero's fall from Highland has been litigious (due primarily to Dondero's "transparently vexatious" litigation strategy[1]). But for the most part, Acis has been a bystander or a victim. This appeal is the first time that Acis has sought relief from the Fifth Circuit.

---

[1]    *Dondero v. Jernigan*, 2025 WL 1122466, at *5 (quoting Chief Judge Jernigan).

The Chapter 11 trustee in Acis's bankruptcy retained this claim against Dondero in the plan of reorganization. ROA.1627-1629, ROA.1852, ROA.1860 (claims against James D. Dondero were retained). It was not released in the Highland settlement agreement. ROA.1629. The claims against Dondero have not been litigated on the merits. Dondero does not contend otherwise. Rather, he asserts that the claims against him can never be adjudicated on the merits because he benefits from an agreed dismissal order to which he was not a party nor in privity with the parties.

Because the opinion's description of the circumstances of this appeal relies on an incorrect, implicit premise—that Acis has repeatedly litigated the issues in this case with Dondero—Acis respectfully requests that the Court grant its Petition for Panel Rehearing.

## II.    This error of fact resulted in an error of law.

Res judicata requires privity between parties. *See Meza*, 908 F.2d at 1266 (5th Cir. 1990). The opinion does not analyze whether Dondero and Highland were in privity—at the time of the consent judgment or at all—but rather relies on the multi-page string citation to conclude that res judicata bars "another round of litigation." Op. at 5.

The volume of citations suggests that Acis has litigated and re-litigated the same disputes dozens of times over the years, thereby warranting preclusion. But as explained above, that impression is incorrect. Most of the string of citations involve Dondero, Highland, and its affiliated entities—not Acis—in disputes that did not resolve Acis's claim against Dondero.

Because the application of res judicata requires privity, litigation by different entities concerning different causes of action against the same wrongdoer cannot establish claim preclusion against Acis. *See Meza*, 908 F.2d at 1265 (stating that to apply res judicata, there must be identity of parties and "the same cause of action must be involved in both cases") (citing *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990); *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir. 1983) (en banc)). The opinion's conclusion that res judicata bars Acis's claims against Dondero is therefore an error of law, stemming from an error of fact.

Acis respectfully requests rehearing and asks the Court to consider the res-judicata analysis on its merits.

## CONCLUSION & PRAYER

For the foregoing reasons, Acis respectfully requests that the Court grants its Petition for Panel Rehearing and reverse the judgment of the district court.

10

Respectfully submitted,

**AHMAD ZAVITSANOS**
**& MENSING PLLC**

*/s/ Kelsi Stayart White*
Kelsi Stayart White
Texas Bar No. 24098466
Federal ID No. 9225914
Emily Merritt Adler
Texas Bar No. 24121009
Federal ID No. 3710388
AHMAD, ZAVITSANOS & MENSING, P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Tel.: (713) 655-1101
Fax: (713) 655-0062
kwhite@azalaw.com
eadler@azalaw.com

*Counsel for Appellants Acis Capital*
*Management LLP and Acis Capital*
*Management GP*

## CERTIFICATE OF SERVICE

On July 31, 2026, I certify that I served a true and correct copy of this Statement on all counsel of record pursuant to CM/ECF filing in compliance with the FEDERAL RULES OF APPELLATE PROCEDURE.

*/s/ Kelsi Stayart White*
Kelsi Stayart White

11

## CERTIFICATE OF COMPLIANCE

1. This petition complies with the type-volume limitation of FED. R. APP. P. 40(d)(3) because this petition contains 1,051 words, excluding the parts exempted by FED. R. APP. P. 32(f).

2. This petition also complies with the typeface requirements of FED. R. APP. P. 32(A)(5) and the type requirements of FED. R. APP. P. 32(A)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word 365 with a 14-point font named Equity A.

*/s/ Kelsi Stayart White*
Kelsi Stayart White

# United States Court of Appeals
# for the Fifth Circuit

——————————

No. 25-10797

——————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2026

Lyle W. Cayce
Clerk

In the Matter of Acis Capital Management, L.P.; Acis Capital Management GP, L.L.C.,

*Debtors*,

Acis Capital Management, L.P.; Acis Capital Management GP, L.L.C.,

*Appellants*,

*versus*

James Dondero,

*Appellee*.

——————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-2036

——————————————————————

Before Duncan, Oldham, and Wilson, *Circuit Judges*.

Andrew S. Oldham, *Circuit Judge*:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10797

Joshua Terry, Highland Capital Management, and James Dondero have litigated Terry's firing and the parties' related financial fallout as if refighting the Hundred Years' War. *See, e.g.*, *In re Acis Cap. Mgmt., L.P.*, 584 B.R. 115 (Bankr. N.D. Tex. 2018); *In re Acis Cap. Mgmt., L.P.*, 600 B.R. 541 (Bankr. N.D. Tex. 2019); *In re Acis Cap. Mgmt., L.P.*, 604 B.R. 484 (N.D. Tex. 2019), *aff'd*, 850 F. App'x 302 (5th Cir. 2021) (per curiam); *In re Acis Cap. Mgmt., L.P.*, 597 B.R. 327 (Bankr. N.D. Tex. 2019); *In re Acis Cap. Mgmt., L.P.*, 603 B.R. 300 (Bankr. N.D. Tex. 2019); *In re Acis Cap. Mgmt., G.P., L.L.C.*, 850 F. App'x 300 (5th Cir. 2021) (per curiam); *In re Acis Cap. Mgmt., L.P.*, No. 18-30264-SGJ-11, 2024 WL 4500804 (Bankr. N.D. Tex. Oct. 15, 2024), *report and recommendation adopted*, No. 3:24-CV-02036-N, 2025 WL 565676 (N.D. Tex. Jan. 6, 2025); *In re Acis Cap. Mgmt., L.P.*, No. 18-30264-SGJ-11, 2025 WL 313157 (Bankr. N.D. Tex. Jan. 27, 2025), *report and recommendation adopted*, No. 3:24-CV-02036-N, 2025 WL 2576689 (N.D. Tex. Apr. 23, 2025); *In re Acis Cap. Mgmt. L.P.*, No. AP No. 20-3059, 2025 WL 1199386 (N.D. Tex. Apr. 24, 2025); *Dondero v. Jernigan*, No. 24-10287, 2024 WL 4678879 (5th Cir. Nov. 5, 2024) (per curiam), *opinion withdrawn and superseded on reh'g*, No. 24-10287, 2025 WL 1122466 (5th Cir. Apr. 16, 2025) (per curiam), *cert. denied*, 146 S. Ct. 1516 (2026), *reh'g denied*, 146 S. Ct. 1791 (2026); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2021 WL 2326350 (Bankr. N.D. Tex. June 7, 2021), *aff'd in part, rev'd in part sub nom. Dondero v. Highland Cap. Mgmt., L.P.*, No. 3:21-CV-1590-N, 2022 WL 22839273 (N.D. Tex. Aug. 17, 2022), *aff'd sub nom. In re Highland Cap. Mgmt., L.P.*, 105 F.4th 830 (5th Cir. 2024); *In re Highland Cap. Mgmt., L.P.*, No. 3:21-CV-0132-E, 2021 WL 3772690 (N.D. Tex. Feb. 11, 2021); *In re Highland Cap. Mgmt. L.P.*, No. 19-34054-SGJ-11, 2021 WL 2850562 (Bankr. N.D. Tex. July 7, 2021); *In re Highland Cap. Mgmt. L.P.*, No. 19-34054-SGJ-11, 2021 WL 2881410 (Bankr. N.D. Tex. July 8, 2021); *In re Highland Cap. Mgmt. L.P.*, No. 19-34054-SGJ-11, 2021 WL 7541482 (Bankr. N.D. Tex. July

2

14, 2021), *report and recommendation adopted,* No. 3:21-CV-1378-N, 2021 WL 7540340 (N.D. Tex. July 26, 2021); *Highland Cap. Mgmt., L.P. v. Highland Cap. Mgmt. Servs., Inc.*, No. 3:21-CV-1378-N, 2021 WL 7540296 (N.D. Tex. Dec. 7, 2021); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2021 WL 3418657 (Bankr. N.D. Tex. Aug. 4, 2021), *aff'd in part, vacated in part sub nom. Charitable DAF Fund L.P. v. Highland Cap. Mgmt. L.P.*, No. 3:21-CV-01974-X, 2022 WL 4538466 (N.D. Tex. Sept. 28, 2022), *vacated and remanded sub nom. In re Highland Cap. Mgmt., L.P.*, 98 F.4th 170 (5th Cir. 2024); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2021 WL 5769320 (Bankr. N.D. Tex. Dec. 3, 2021); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2022 WL 38310 (Bankr. N.D. Tex. Jan. 4, 2022); *In re Highland Cap. Mgmt., L.P.*, No. 3:21-CV-1895-D, 2022 WL 270862 (N.D. Tex. Jan. 28, 2022), *aff'd in part, appeal dismissed in part*, 57 F.4th 494 (5th Cir. 2023); *In re Highland Cap. Mgmt., L.P.*, No. 3:21-CV-0879-K, 2022 WL 394760 (N.D. Tex. Feb. 9, 2022); *In re Highland Cap. Mgmt., L.P.*, 643 B.R. 162 (N.D. Tex. 2022); *In re Highland Cap. Mgmt. L.P.*, No. 3:22-CV-02802-B, 2023 WL 4190640 (Bankr. N.D. Tex. June 25, 2023), *aff'd*, No. 3:23-CV-1503-B, 2024 WL 4139647 (N.D. Tex. Sept. 10, 2024); *In re Highland Cap. Mgmt., L.P.*, No. 3:23-CV-1503-B, 2024 WL 4139647 (N.D. Tex. Sept. 10, 2024); *Dondero v. Highland Cap. Mgmt. L.P.*, No. 3:20-CV-03390-X, 2022 WL 837208 (N.D. Tex. Mar. 18, 2022); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ-11, 2022 WL 1050064 (Bankr. N.D. Tex. Apr. 6, 2022); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ-11, 2022 WL 1457971 (N.D. Tex. May 9, 2022), *aff'd*, 74 F.4th 361 (5th Cir. 2023); *In re Highland Cap. Mgmt., L.P.*, No. 3:21-CV-3129-B, 2022 WL 2193000 (N.D. Tex. June 17, 2022); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2022 WL 2826903 (Bankr. N.D. Tex. July 19, 2022), *aff'd*, 116 F.4th 422 (5th Cir. 2024); *Dugaboy Inv. Tr. v. Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2022 WL 3701720 (N.D. Tex. Aug. 8, 2022), *aff'd sub nom. In re Highland*

No. 25-10797

*Cap. Mgmt., L.P.*, No. 22-10831, 2023 WL 2263022 (5th Cir. Feb. 28, 2023) (per curiam); *In re Highland Cap. Mgmt., L.P.*, No. 21-10449, 2022 WL 3571094 (5th Cir. Aug. 19, 2022), *opinion withdrawn and superseded on reh'g*, 48 F.4th 419 (5th Cir. 2022); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2023 WL 2250145 (Bankr. N.D. Tex. Feb. 27, 2023), *rev'd in part*, 132 F.4th 353 (5th Cir. 2025); *In re Highland Cap. Mgmt., L.P.*, 132 F.4th 353, 354 (5th Cir. 2025), *cert. denied sub nom. Highland Cap. Mgmt. v. Nexpoint Advisors*, No. 25-119, 2026 WL 1855094 (U.S. June 29, 2026); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2022 WL 3959550 (Bankr. N.D. Tex. Aug. 30, 2022), *aff'd sub nom. NexPoint Advisors, L.P. v. Highland Cap. Mgmt., L.P.*, No. 3:22-CV-2170-S, 2024 WL 847017 (N.D. Tex. Feb. 28, 2024), *aff'd sub nom. In re Highland Cap. Mgmt., L.P.*, No. 24-10267, 2024 WL 4986941 (5th Cir. Dec. 5, 2024) (per curiam); *Dugaboy Inv. Tr. v. Highland Cap. Mgmt. L.P.*, No. 3:21-CV-01295-X, 2022 WL 4450490 (N.D. Tex. Sept. 22, 2022), *aff'd sub nom. In re Highland Cap. Mgmt., L.P.*, No. 22-10983, 2023 WL 4842320 (5th Cir. July 28, 2023) (per curiam); *Dugaboy Inv. Tr. v. Highland Cap. Mgmt., L.P.*, No. 3:21-CV-261-L, 2022 WL 6281661 (N.D. Tex. Sept. 26, 2022), *aff'd sub nom. In re Highland Cap. Mgmt., L.P.*, No. 22-10960, 2023 WL 4861770 (5th Cir. July 31, 2023) (per curiam); *In re Highland Cap. Mgmt. L.P.*, No. 19-34054-SGJ-11, 2022 WL 5219626 (Bankr. N.D. Tex. Sept. 30, 2022); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ-11, 2023 WL 2395677 (Bankr. N.D. Tex. Mar. 6, 2023); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ-11, 2023 WL 3185266 (Bankr. N.D. Tex. Apr. 28, 2023); *In re Highland Cap. Mgmt., L.P.*, No. 3:22-CV-2051-B, 2023 WL 3575560 (N.D. Tex. May 18, 2023*), aff'd*, 102 F.4th 286 (5th Cir. 2024); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2023 WL 4056065 (Bankr. N.D. Tex. June 16, 2023); *Charitable DAF Fund, L.P. v. Highland Cap. Mgmt., L.P.*, No. 3:22-CV-2802-B, 2023 WL 4768188 (N.D. Tex. July 26, 2023); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ-11,

4

2023 WL 5523949 (Bankr. N.D. Tex. Aug. 25, 2023); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ-11, 2024 WL 959335 (Bankr. N.D. Tex. Mar. 5, 2024), *aff'd sub nom. NexPoint Real Est. Partners, LLC v. Highland Cap. Mgmt., L.P.*, No. 3:24-CV-1479-S, 2025 WL 2697835 (N.D. Tex. Sept. 22, 2025); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ-11, 2024 WL 2703149 (Bankr. N.D. Tex. May 24, 2024), *aff'd sub nom. Dugaboy Inv. Tr. v. Highland Cap. Mgmt., L.P.*, No. 3:24-CV-1531-X, 2025 WL 2163271 (N.D. Tex. July 30, 2025), *aff'd*, No. 25-10999, 2026 WL 755100 (5th Cir. Mar. 17, 2026) (per curiam); *NexPoint Advisors, L.P. v. Kirschner, Tr. of Litig. Sub-Tr.*, No. 3:22-CV-335-L, 2024 WL 3239927 (N.D. Tex. June 28, 2024); *Highland Cap. Mgmt., L.P. v. NexPoint Asset Mgmt., L.P.*, No. 3:21-CV-0880-X, 2024 WL 5202496 (N.D. Tex. Dec. 23, 2024); *Hunter Mountain Inv. Tr. v. Highland Cap. Mgmt., L.P.*, No. 3:24-CV-1787-L, 2024 WL 4606808 (N.D. Tex. Oct. 29, 2024); *In re Highland Cap. Mgmt. L.P.*, No. AP 24-03073-SGJ, 2025 WL 97738 (Bankr. N.D. Tex. Jan. 14, 2025); *In re Highland Cap. Mgmt., L.P.*, No. AP 24-03073-SGJ, 2025 WL 854623 (Bankr. N.D. Tex. Mar. 18, 2025); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2025 WL 2047279 (Bankr. N.D. Tex. July 21, 2025); *NexPoint Real Est. Partners, LLC v. Highland Cap. Mgmt., L.P.*, No. 3:24-CV-1479-S, 2025 WL 2697835 (N.D. Tex. Sept. 22, 2025); *In re Highland Cap. Mgmt. L.P.*, No. 3:25-CV-2579-B, 2025 WL 3470437 (N.D. Tex. Dec. 3, 2025); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054, 2026 WL 207954 (Bankr. N.D. Tex. Jan. 26, 2026); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2026 WL 1728217 (Bankr. N.D. Tex. June 15, 2026).

The question presented is whether res judicata bars another round of litigation. It does. AFFIRMED. *See* 5TH CIR. R. 47.6.